<hr>

[Crim. No. 434.  Department One.—September 6, 1898.]
THE PEOPLE, Respondent, v. JOHN BLACK, Appellant.

CRIMINAL LAW—LARCENY COMMITTED IN CANADA—JURISDICTION OF SUPERIOR COURT.—The jurisdiction of the superior court to try and convict a defendant accused of committing a larceny in Canada, and bringing the stolen goods into this state, and into the county where the accused was tried, is not conferred by section 789 of the Penal Code, which applies only when the stealing occurred in another state of the United States, but is conferred by section 497 of the Penal Code, which provides that one "who in another state or country steals the property of another, . . . . and brings the same into this state, may be convicted and punished in the same manner as if such larceny . . . . had been committed in this state."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders denying a new trial, and denying a motion in arrest of judgment. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

William Hoff Cook, and Eugene N. Deuprey, for Appellant.

W. F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

GAROUTTE, J.—The defendant has been convicted of a felony, based upon an indictment framed under section 497 of the Penal Code. This section reads: "Every person who in another state or country steals the property of another, or receives such property knowing it to have been stolen, and brings the same into this state, may be convicted and punished in the same manner as if such larceny or receiving had been committed in this state." It is charged that the defendant committed grand larceny in stealing certain articles of jewelry in the Dominion of Canada, and bringing said articles into the city and county of San Francisco, state of California. Upon this state of facts it is insisted that the superior court of the city and county of San Francisco, state of California, had no jurisdiction to try the defendant for such offense. Indeed, it is insisted that there is no statutory authority vesting any particular superior court in the state of California with jurisdiction to try such an offense.

By section 789 of the Penal Code it is provided that the jurisdiction of a criminal action for stealing in another state the property of another, or receiving it knowing it to have been stolen, and bringing the same into this state, is in any county into or through which such stolen property has been brought. It will be perceived that this section only covers cases arising in different states, and is not broad enough to include those cases arising between a state of the United States and a foreign country, as the Dominion of Canada. It is contended upon the part of the people that the word "state," as used in this section in the first instance, should be given a broader construction, and should be held to include any and all foreign territory, but we cannot agree with this contention. For, when used in the second instance, it is plainly apparent that the word "state" refers to a particular territory within the boundaries of the United States, and, such being the fact, by elementary rules of construction it must be held that the word "state," as used in the first instance, nothing appearing in the statute to the contrary, should bear the same signification.

By section 497 of the Penal Code it is declared that a defendant doing the acts outlined by that section shall "be convicted and punished in the same manner as if such larceny or receiving had been committed in this state." Upon a fair and liberal con-

struction of this language, we conclude there is no force in defendant's position that there is a lack of jurisdiction in the superior court of the city and county of San Francisco to try him.    The word "punished," as used in the section, refers plainly to the penalty to be affixed to the crime, but the word "convicted" is much broader in meaning.    And when the statute says, "convicted as if such larceny . . . . had been committed in this state," the word "convicted" includes the accusation and the trial. And, if the statute in terms had said such a defendant may be charged, tried, convicted, and punished in the same manner as if such larceny had been committed in this state, the error of defendant's contention as to lack of jurisdiction would be palpable; yet such is the fair significance of the word "convicted," as used in the section of the code.    If this defendant is to be charged, tried, and convicted as though the larceny had been committed in this state, then he should be charged, tried, and convicted as though the larceny had been committed in the city and county of San Francisco.    It necessarily follows that the superior court of the city and county of San Francisco had jurisdiction by virtue of the foregoing section of the code of the person of the defendant and the offense charged.

Under the great weight of authority, if the defendant had been charged with the crime of grand larceny committed in the city and county of San Francisco, state of California, it would seem the evidence introduced at this trial showing the commission of the larceny in the Dominion of Canada, and the felonious bringing of the stolen property into the jurisdiction of the city and county of San Francisco, state of California, would support an indictment in said city and county charging larceny.    (See Bishop's New Criminal Law, sec. 136, et seq.)    But in the present case the form of the indictment does not justify the consideration of that somewhat interesting question.

The court has examined with care the many alleged errors of the superior court occurring during the progress of the trial of the case.    Many of these alleged errors are technical in the extreme.    And, after a full consideration of all the matters relied upon for a reversal of the judgment and a retrial of the defendant, we find nothing in the record demanding such a result.

For the foregoing reasons the judgment and orders appealed from are affirmed.

Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.